## Nelson St. John *vs.* Rhode Island Company.

### JUNE 9, 1911.

Present:   Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Negligence.   Pleading.   Collision.   Incompetent Servants.*

In an action for negligence arising out of a collision between the wagon of plaintiff and one of defendant's cars the declaration charged as the sole breach of duty, the hiring of incompetent servants to operate the car. It appeared in evidence that plaintiff suddenly attempted to cross the track in front of the car, without notice or warning, at so short a distance as to make it impossible to stop the car, without collision; that plaintiff being in a covered wagon could not testify as to the cause of the accident, nor was any witness called on this point by him:—

*Held,* that the evidence neither supported the allegation of the declaration nor showed negligence on the part of defendant.

Trespass on the Case for negligence.   Heard on exceptions of plaintiff and overruled.

BLODGETT, J.    After a verdict by direction of the court in favor of the defendant in this action on the case for negligence, in which action the plaintiff sought to recover damages for injuries alleged to have been received by reason of a collision between a car of the defendant corporation and the wagon which the plaintiff was driving, the plaintiff has brought the case to this court upon his exception to such direction of a verdict.

The declaration contains but one count and charges the alleged negligence of the defendant, as follows: "That the defendant was guilty of negligence in his duty in these premises toward the plaintiff, in this, in hiring careless, inattentive and incompetent agents and servants to operate said car while it was being run on said road-bed in said public highway."

In granting the defendant's motion for the direction of a verdict the trial justice correctly stated the evidence and the law applicable thereto, as follows: "Now it is the duty of the plaintiff, in order that he may recover a verdict at your hands, to prove to you by fair preponderance of testimony that at the time this accident happened he was in the exercise of due care, and that the accident happened through the negligence of the defendant's agents and servants.

"Proof was submitted by him that the accident happened, but there is no evidence submitted by him to show that it happened through the carelessness and negligence of the defendant's servants.    The explanation of the accident comes entirely from the witnesses for the defense; and there is no evidence submitted by the plaintiff that those servants were negligent, or not careful servants, none submitted whatever. And there is no evidence submitted to show that even though the servants were incompetent or careless that the defendant company knew anything about it.

"If a man alleges a particular breach of duty and rests his case on that particular breach of duty, he must prove that and no other, and, as I say, there is no evidence tending to show that those servants were careless or incompetent, or that the company knew that they were employing careless or incom-

petent servants. Besides that, gentlemen, the explanation of this accident comes entirely from the defendant's witnesses, and that shows no negligence, apparently, on the part of the defendant. Under those circumstances, I say it is the duty of the plaintiff to prove to you that he was in the exercise of due care, and that the accident happened through the negligence, and negligence alone, of the defendant's agents and servants. There is no evidence of negligence on their part and I, therefore, direct you to find a verdict for the defendant."

(1)     It so clearly appears by the record that the plaintiff while driving by the side of the defendant's car-track suddenly attempted to cross the car track in front of said car, bringing his horse to a walk in so doing, without notice or warning to the motorman or conductor, and at so short a distance (ten feet) in front of the car as to make it impossible to stop the car without a collision with the wagon, that an extended comment upon the testimony is unnecessary. The testimony of the plaintiff shows that the car was stopped with the front of the car opposite the rear wheel of the wagon and the plaintiff being in a covered wagon is unable to testify as to the cause of the accident nor is any witness called on this point in his behalf. The evidence shows no negligence on the part of the defendant in the operation of the car and clearly does not support the allegation of having incompetent servants, as alleged in the declaration.

The plaintiff's exception is overruled, and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*W. Waldo Robinson,* for plaintiff.

*Joseph C. Sweeney, Alonzo R. Williams,* for defendant.